IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL A. CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 07-CV-324-CVE-SAJ |
| | ) | |
| JOHN WHETSEL, Sheriff; | ) | |
| DREW EDMONDSON, Attorney General | ) | |
| of the State of Oklahoma, | ) | |
| | ) | |
| Respondents. | ) | |

**OPINION AND ORDER**

On May 23, 2007, Petitioner, a state inmate appearing *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) in the United States District Court for the Western District of Oklahoma. By Order filed June 7, 2007, the case was transferred to this District Court. In his petition, Petitioner explicitly states that he challenges his convictions entered in Tulsa County District Court, Case Nos. CF-82-2516, CF-84-2249, CF-87-1573, CF-92-3411, and CF-92-3417. By Order filed June 12, 2007 (Dkt. # 4), the Court directed Petitioner to file a response demonstrating why this matter should not be dismissed for lack of jurisdiction and/or as barred by the one-year statute of limitations applicable to habeas corpus petitions. Petitioner has filed his response (Dkt. # 5). He has also filed a motion for appointment of counsel (Dkt. # 6). For the reasons discussed below, the Court finds this petition shall be dismissed for lack of jurisdiction.

As a preliminary matter, and after carefully reviewing the complexity of the factual and legal issues involved, the Court exercises its discretion to deny Petitioner's motion for appointment of counsel. There is no constitutional right to counsel beyond the direct appeal of a conviction. See Swazo v. Wyoming Department of Corrections, 23 F.3d 332 (10th Cir. 1994).

## *BACKGROUND*

When Petitioner commenced this action, he was in custody at the Oklahoma County Jail, in Oklahoma City, Oklahoma. The record provided by Petitioner indicates that he filed an application for post-conviction relief in Tulsa County District Court, Case Nos. CF-82-2516, CF-84-2249, CF-87-1573, CF-92-3411, and CF-92-3417, raising the grounds of error identified in the instant federal petition. By Order filed March 14, 2006, the state district court denied the application for post-conviction relief. See Dkt. # 1, attachment 1. According to that Order, Petitioner has discharged each of the sentences entered in those cases; however, some if not all of the convictions were used to enhance a conviction entered in Oklahoma County District Court, Case No. CF-2004-1850. Id. Petitioner appealed the denial of post-conviction relief, and on May 26, 2006, in Case No. PC-2006-388, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the denial of post-conviction relief. See id., attachment 2.

Petitioner filed the instant petition for writ of habeas corpus on May 23, 2007, in the United States District Court for the Western District of Oklahoma (Dkt. # 1). Because Petitioner clearly stated his intent to challenge convictions entered in Tulsa County District Court, the case was transferred to this District Court (Dkt. # 2) on June 7, 2007. In his petition, Petitioner emphasizes that his "present incarceration is unrelated to the matters at hand. Presently I'm serving 100 yrs. for Trafficking, CF-04-1850 (Ok.Co.)." Dkt. # 1 at 20.

## *ANALYSIS*

Upon careful review of Petitioner's response, the Court finds the petition shall be dismissed. As stated above, Petitioner directly challenges convictions entered in Tulsa County District Court, Case Nos. CF-82-2516, CF-84-2249, CF-87-1573, CF-92-3411, and CF-92-3417, and emphasizes

that his "present incarceration is unrelated to the matters at hand.  Presently I'm serving 100 yrs. for Trafficking, CF-04-1850 (Ok.Co.)."  Dkt. # 1 at 20.  Habeas corpus relief under 28 U.S.C. § 2254 is not available unless the petitioner is "in custody" pursuant to the challenged conviction.  See 28 U.S.C. § 2254.  In this case, the record demonstrates that Petitioner has discharged the challenged sentences entered in Tulsa County District Court, Case Nos. CF-82-2516, CF-84-2249, CF-87-1573, CF-92-3411, and CF-92-3417.  As a result, he cannot satisfy the "in custody" requirement of § 2254 as to the challenged convictions and the Court lacks jurisdiction to consider the petition under § 2254.

In his response to the Court's Order filed June 12, 2007, Petitioner asserts for the first time that "he is in essence challenging his current sentence which has been enhanced by the previous convictions listed in the above cited matter." See Dkt. # 5. Because the Court would lack jurisdiction to consider the improper enhancement claim, the Court declines to convert this action to a challenge to Petitioner's current sentence, entered in Oklahoma County District Court, Case No. CF-2004-1850. A prisoner in custody pursuant to the judgment and sentence of a State court which has two or more Federal judicial districts may file a petition for writ of habeas corpus in either the district court for the district wherein such person is in custody or in the district court for the district within which the conviction was entered.  28 U.S.C. § 2241(d).  Each of such district courts shall have concurrent jurisdiction over the petition and the district court wherein the petition is filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to the other district court for hearing and determination. Id. Petitioner is incarcerated at the Oklahoma County Jail, Oklahoma City, Oklahoma.  Oklahoma City is located in Oklahoma County, and is within the jurisdictional territory of the United States District Court for the Western District of Oklahoma.  28

U.S.C. § 116(c). In addition, Petitioner's current sentence was entered in Oklahoma County, Oklahoma. Pursuant to 28 U.S.C. § 2241(d), this Court may not properly consider any challenge by Petitioner to his Oklahoma County conviction. The Court finds that the appropriate forum for judicial review of any challenge to the Oklahoma County conviction would be the Western District of Oklahoma.[1] Petitioner is reminded that any federal habeas corpus petition challenging his conviction entered in Oklahoma County District Court, Case No. CF-2004-1850, must be filed in compliance with the exhaustion requirement of 28 U.S.C. § 2254(b) and the one-year limitations period imposed by 28 U.S.C. § 2244(d).

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Petitioner's motion for appointment of counsel (Dkt. # 6) is **denied**.

2. Petitioner's petition for writ of habeas corpus (Dkt. # 1), raising claims challenging convictions entered in Tulsa County District Court, Case Nos. CF-82-2516, CF-84-2249, CF-87-1573, CF-92-3411, and CF-92-3417, is **dismissed with prejudice** for lack of jurisdiction.

DATED THIS 1st day of November, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Although Petitioner originally filed his petition in the Western District, that Court, in reliance on Petitioner's insistence that his habeas claims were unrelated to his Oklahoma County conviction, properly transferred the case to this District Court.